UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NAPOLEAN WATKINS,

       Plaintiff,

v.

UNKNOWN SIMON,

       Defendant.
_____/

Case No. 1:19-cv-838

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### **Discussion**

    **I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officer Unknown Simon.

Plaintiff complains that Defendant Simon denied Plaintiff food trays on June 22, 2019, July 1, 2019, and "other times." (Compl., ECF No. 1, PageID.3.) One of the trays was a Ramadan meal. Moreover, on one occasion, in place of Plaintiff's Saturday "waffle tray," Defendant Simon made Plaintiff eat food loaf. Plaintiff asserts that Defendant Simon has taken these actions in retaliation for Plaintiff "getting into it with COs last year." (*Id*.)

Plaintiff claims further that Defendant Simon made sure Plaintiff was placed in a suicide cell where the lights stay on 24 hours a day, 7 days a week. Plaintiff indicates he was kept in that cell for about 4 weeks.

Plaintiff claims that Defendant Simon's actions constitute cruel and unusual punishment and interfered with Plaintiff's right to practice his religion.

Plaintiff seeks $1,000 for each tray Defendant Simon withheld from 2018 to present (5 trays). Plaintiff seeks an additional award of $50,000 for pain and suffering during 2018 and $50,000 for pain and suffering during 2019. Finally, Plaintiff indicates Defendant Simon should be fired, or at least taken out of the unit where prisoners with mental health treatment needs are housed.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate the Eighth Amendment's prohibition against cruel and unusual punishment, the First Amendment's prohibition against interference with the practice of one's religion, and, possibly, the First Amendment's prohibition against retaliation motivated by protected conduct.

3

### A. Cruel and unusual punishment

Plaintiff claims that Simon's withholding of food trays and the conditions in the suicide cell were inhumane and cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

1. **deprived of four or five meals**

The deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, No. 01-17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

In *Richmond*, the Sixth Circuit determined that a prisoner who was deprived of five meals over three consecutive days, and a total of seven meals over six consecutive days, did not state a viable Eighth Amendment claim, because he "does not allege that his health suffered as a result of not receiving the meals." *Richmond*, 450 F. App'x at 456. In *Cunningham*, the Sixth Circuit determined that providing a prisoner only one meal a day for over two weeks was not an Eighth Amendment violation, because the meals provided were adequate to sustain normal health. *Cunningham*, 667 F.2d at 566. Plaintiff does not allege that his health suffered as a result of the deprivation, or that the meals he did receive were inadequate to sustain his health. Consequently, Plaintiff does not state a plausible Eighth Amendment claim based on missing a few meals over a

period of months.  *See Iqbal*, 556 U.S. at 679 (noting that the allegations must permit an inference of more than a "mere possibility" of misconduct).

### 2. food loaf instead of waffles

Plaintiff's complaint that Simon gave him food loaf instead of waffles also fails to state an Eighth Amendment claim.  Food loaf is prepared by grinding up items from the regular menu and forming them into loaves, in accordance with department-wide recipes, including regular, vegetarian, and religious recipes.  *See* MDOC Policy Directive 04.05.120, ¶¶ RR-UU (eff. June 21, 2019).  Prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing.  *See Cunningham*, 567 F.2d at 659-60.  The Sixth Circuit has repeatedly held that a diet of food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met.  *See, e.g.*, *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990).

### 3. suicide cell

Plaintiff alleges that Defendant Simon "made sure I was placed in a suicide cell." (Compl., ECF No. 1, PageID.3.)  Conspicuously absent from Plaintiff's allegations is any assertion that his placement in the cell was not warranted.  Indeed, in a lawsuit Plaintiff filed just a few days before this one, Plaintiff notes that he is a bi-polar manic depressive and that improper medication left him in a manic state almost constantly for five years, through July of 2019.  *Watkins v. Martin et al.*, No. 1:19-cv-797 (W.D. Mich.) (*Watkins I*), (Compl., ECF No. 1, PageID.5.)  As a result, plaintiff was "extremely aggressive, violent, impulsive, volatile, and psychotic . . . ." *Watkins I,* (*Id*.)  Over that period, Plaintiff earned 70 to 80 misconducts.  Wat*kins I, (Id*.)  Thus, it appears

6

Plaintiff's complaint is not that he was wrongfully placed in the suicide cell, but that the conditions there—lights on 24/7—were unbearable.

Plaintiff alleges that he stayed in the cell for four weeks. Plaintiff does not allege that Defendant Simon could or did keep Plaintiff in the cell for that entire period, only that Defendant Simon was the person who initially placed him there.

Plaintiff does not allege that Simon placed Plaintiff in the suicide cell to punish him. Nor does Plaintiff allege that Defendant Simon was deliberately indifferent to Plaintiff's health or safety when he placed Plaintiff in the cell. There is nothing in the complaint that suggests that Simon put Plaintiff in the cell for any purpose other than suicide watch. Plaintiff's allegations, therefore, do not show that Simon violated Plaintiff's Eighth Amendment rights by placing him in the cell. *See Walker v. Eyke*, 417 F. App'x 461, 464 (6th Cir. 2011); *see also Reynolds v. Mattson*, No. 2:07–CV–59, 2008 WL 2704750, at * 1 (W.D. Mich. July 9, 2008) ("Plaintiff's placement and treatment in the suicide observation cell does not amount to cruel and unusual punishment, even if such actions were not for a legitimate purpose."); *Brown v. Caruso*, No. 2:07–CV–140, 2008 WL 299030, at *4 (W.D. Mich. Feb.1, 2008) (finding that "Plaintiff's claim that he was placed in suicide watch does not rise to the level of an Eighth Amendment violation."); *Jones v. Lee*, No. 2:09–CV–11283, 2012 WL 683362, at *4 (E.D. Mich. Mar. 2, 2012) ("Temporary placement on suicide watch, even when not necessary, does not implicate a liberty interest protected by the Due Process Clause nor does it amount to cruel and unusual punishment under the Eighth Amendment.").

The fact that the conditions in a suicide watch cell are uncomfortable also fails to state an Eighth Amendment claim. "The discomforts and inconveniences of being confined to a suicide cell are simply not 'conditions intolerable for prison confinement.'" *Smith v. Eyke*, No.

7

2:10-cv-235, 2011 WL 1528155, at *8 (W.D. Mich. Apr. 20, 2011); *see also Reynolds*, 2008 WL 2704570, at *1 (where the plaintiff was handcuffed, taken to the observation room which had been stripped of everything but a mattress, was not allowed sheets, blankets, pillows, pillow cases, towels, or clothing, except for underwear and a suicide prevention gown, the court concluded the conditions did "not amount to cruel and unusual punishment . . . ."); *Hartsfiled v. Stelma*, No. 1:16-cv-1135, 2016 WL 6775475, at *1 (W.D. Mich. Nov. 16, 2016) (where the suicide cell has "'lights on 24 hours a day, no exercise out of cell or sun shine, no showers, no phone, no visits, no change of underwear, no law library'" did not violated the Eighth Amendment). Indeed, the discomfort and inconvenience of constant light is directly related to the purpose of the cell in the first place: to observe and protect.

Whether or not the conditions were inhumane, Plaintiff has failed to allege that Defendant Simon is responsible for the conditions in the cell or for keeping Plaintiff in the cell for such an extended period of time. Plaintiff alleges only that Defendant Simon placed him in the cell in the first instance. Accordingly, Plaintiff has failed to state an Eighth Amendment claim against Defendant Simon relating to his placement or the conditions in the suicide cell.

### B. Free exercise of religion

While "incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain First Amendment protection to freely exercise their religion, *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), subject to reasonable restrictions and limitations related to legitimate penological interests. *Id*. at 350-53; *accord Turner v. Safley,* 482 U.S. 78, 89 (1987) (First Amendment protection extends to all religious beliefs, and guaranties "religious liberty and equality to the infidel, the atheist, or the adherent of a non-Christian faith...."); *see also County of Allegheny v. ACLU*, 492 U.S. 573, 615 (1989). To state a free exercise

8

claim, a plaintiff must allege facts from which an inference may be drawn that the government has placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

Plaintiff claims that he was not allowed to receive his Ramadan meal on one day. Because he was fasting, the denial of the food bag resulted in his missing one meal after the fast. At most, Plaintiff alleges that, in order to adhere to his religious fast, he was required to fast for a few hours longer. That is not a substantial burden.

A single instance of missing meal does not amount to a violation of the First Amendment. *See Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (holding that isolated instances of errors in the provision of a kosher meal do not state a claim under the First Amendment); *see also Johnson v. Wilkinson*, No. 98-3866 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that a prisoner's allegations about "random and isolated interference with [his] mail" did not rise to the level of a First Amendment violation). Plaintiff therefore fails to state a free exercise claim against Defendant Simon for the denial of one Ramadan meal.

### C. Retaliation

Plaintiff claims that Defendant Simon was retaliating when he denied Plaintiff meals and placed him in the suicide cell. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor

in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's claim fails at the first step. He alleges that Simon retaliated because Plaintiff was "getting into it with the COs last year." (Compl., ECF No. 1, PageID.3.) "Getting into it" is not conduct protected by the First Amendment. Indeed, in light of Plaintiff's extreme aggression, violence, impulsivity, volatility, and psychotic behavior resulting in dozens of misconducts, "getting into it" undoubtedly constituted conduct forbidden by MDOC policy. Such conduct cannot be protected conduct. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected conduct because such behavior fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct.); *see also Caffey v. Maue*, 679 F. App'x 487 (7th Cir. 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language was not protected conduct) (citing cases); *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004) (concluding that an inmate who accused a chaplain of theological errors during a religious service had engaged in an unprotected challenge to institutional authority). Accordingly, Plaintiff has failed to state a viable retaliation claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: November 5, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge